IN THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JANE DOE,**<br>c/o Sremack Law Firm LLC<br>2745 South Arlington Road<br>Akron, Ohio 44312<br><br>    Plaintiff,<br><br>*vs.*<br><br>**DETECTIVE LARRY BROWN,** *in his individual and official capacities,*<br>c/o Summit County Sheriff's Office<br>53 University Avenue<br>Akron, Ohio 44308<br><br>    and<br><br>**SHERIFF KANDY FATHEREE,** *in her official capacity,*<br>c/o Summit County Sheriff's Office<br>53 University Avenue<br>Akron, Ohio 44308<br><br>    Defendants. | CASE NO.:<br><br>REFILING OF: 5:21-cv-02417-JRA<br><br><br><br>**CIVIL COMPLAINT**<br>False Arrest<br>Civil Rights (42 U.S.C. § 1983)<br><br>*Jury Demand Endorsed Hereon* |

## I. INTRODUCTION

Plaintiff Jane Doe, through counsel, respectfully states as her Complaint against Detective Larry Brown, in his individual and official capacities, and Kandy Fatheree, in her official capacity as Sheriff of the Summit County Sheriff's Office, the following:

1. This case arises from unjustified and unlawful arrest and prosecution of Plaintiff Jane Doe, which involved wholly false allegations that she carries a dangerous, contagious virus. These actions constitute violations of her civil rights.

2. This is a refiling of Case No. 5:21-cv-02417, which was previously dismissed without prejudice and is timely re-filed. On October 15, 2020, Ms. Doe was wrongfully arrested and charged with Soliciting after Positive HIV test under Ohio Revised Code Section 2907.24(B).

3. Ms. Doe does not and never has had HIV.

4. As a result of this arrest, Ms. Doe lost her job, received death threats, and suffered serious emotional injury.

5. Ms. Doe brings this action for false arrest and detention, for malicious prosecution, for violation of her rights under the United States and Ohio Constitutions.

## II. JURISDICTION AND PARTIES

6. Plaintiff Jane Doe is, and at all times relevant to the events described in this Complaint was, an individual residing in Summit County, Ohio, and a citizen of the United States of America.

7. Defendant SCSO Deputy Larry Brown is, and at all times relevant to the events described in this Complaint was, a resident of Summit County, Ohio. At all such times he is and was employed by SCSO. He is a "person" under the meaning of 42 U.S.C. § 1983 and is sued in both his individual and official capacities.

8. Defendant Sheriff Kandy Fatheree is, and at all times relevant to the events described in this Complaint was, a resident of Summit County, Ohio. She is a "person" under the meaning of 42 U.S.C. § 1983 and is sued in her official capacity.

9. At all times, the Defendants acted with malice, in bad faith, and in a willful, wanton, and/or reckless manner.

## III. FACTUAL BACKGROUND

10. In October 2020, the Summit County Sheriff's Office (SCSO), along with Cuyahoga Falls Police Department and Portage County Sheriff's Office, conducted an "operation into prostitution services being advertised via the internet." See Operation: Check the Oil Operation Plan, attached hereto as Ex. 1 and incorporated by reference.

11. This operation and the arrest in question occurred in the City of Cuyahoga Falls, County of Summit, and State of Ohio. All acts and failures to act described herein occurred within the jurisdiction of this Court.

12. The name of this operation was "Check the Oil." On information and belief, the operation name has a vulgar meaning.

13. The operation involved undercover officers responding to a "social media posting" and thereafter meeting the targets of the investigation at a local hotel.

14. Plaintiff Jane Doe was a target of this investigation.
15. She was arrested and charged with Soliciting After Positive HIV Test, a felony of the third degree.
16. There were never any HIV-positive test results for Jane Doe, no statement by Jane Doe that she was HIV-positive, and simply no basis whatsoever for this arrest and charge.
17. Ms. Doe was confined to the Summit County Jail for four days as a result of this arrest and charge.
18. She was required to post bond in order to be released.
19. Ms. Doe's name, age, city, and mugshot were posted in an online article along with a description of the crime of which she had been falsely accused: soliciting after an HIV-positive test.
20. On information and belief, this information was provided to the news station by the Summit County Sheriff's Office.
21. On or about October 23, 2020, the prosecution terminated in Ms. Doe's favor with a dismissal of the charges. She was then re-charged with Soliciting, a misdemeanor of the third degree.
22. Human immunodeficiency virus (HIV) "is a virus that attacks the body's immune system" and for which there is no effective cure.[1]
23. It is a highly stigmatized condition in society.
24. As a direct and proximate result of the false charge, false arrest, and malicious prosecution, Ms. Doe received death threats and lost her job. She suffered financial damages and was required to defend against the false charges.
25. Through today, the first Google search result for Ms. Doe is a news article, led with her mugshot, stating she was charged with soliciting after an HIV positive test.
26. She suffered serious emotional injury.

---

[1] CDC: "About HIV." https://www.cdc.gov/hiv/basics/whatishiv.html (accessed October 14, 2021).

### IV. FIRST CAUSE OF ACTION
### False Arrest/False Imprisonment

27. Ms. Doe re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.
28. Ms. Doe was detained unlawfully, intentionally, and against her will.
29. She was confined to a limited area for a period of days.
30. There was no lawful justification for this arrest and imprisonment.
31. The Defendants acted with malice, in bad faith, and in a willful, wanton, and/or reckless manner.

### V. SECOND CAUSE OF ACTION
### Malicious Prosecution

32. Ms. Doe re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.
33. The Defendants exhibited malice in instituting and continuing the prosecution of Ms. Doe.
34. There was no probable cause.
35. The prosecution terminated in Ms. Doe's favor.
36. The Defendants acted with malice, in bad faith, and in a willful, wanton, and/or reckless manner.
37. These acts and omissions actually and proximately caused damage to Ms. Doe.

### VI. THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983

38. Ms. Doe re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.
39. The Defendants acted under color of law and within the scope of their employment at all relevant times and deprived Ms. Doe of her constitutional rights in violation of 42 U.S.C. § 1983 by seizing her person, arresting her without lawful privilege and without probable cause, and in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

40. The Defendants instigated, influenced, or participated in the actions and decision to prosecute Ms. Doe, despite knowing there was no probable cause for the prosecution.
41. The Defendants accused Ms. Doe of criminal activity knowing these accusations to be without genuine probable cause, and made statements to prosecutors with the intention of exerting influence to begin and continue the judicial proceedings.
42. The Defendants instigated, influenced, or participated in the actions and decision to detain Ms. Doe, despite knowing that this was unlawful.
43. At all times, the Defendants knew or should have known that they were acting in violation of Ms. Doe's clearly established constitutional rights.
44. These acts and omissions actually and proximately caused damage to Ms. Doe.

## VII. FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

44. Ms. Doe re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.
45. The conduct of the Defendants was extreme and outrageous.
46. The conduct was undertaken with intent to cause or in reckless disregard of the probability that this conduct would cause severe emotional distress to Ms. Doe.
47. These acts and omissions actually and proximately caused damage to Ms. Doe.

## VIII. JURY DEMAND

48. Ms. Doe demands a trial by jury on all issues so triable.

**WHEREFORE**, Ms. Doe respectfully asks this Court for the following:
  A. Compensatory damages in an amount to be determined at trial;
  B. Punitive damages in an amount to be determined at trial;
  C. Reasonable attorney fees;
  D. Costs associated with this action; and
  E. For such other and further relief as this Court deems just and proper, and any other relief as allowed by law.

Respectfully submitted,

/s/ Rebecca J. Sremack
Rebecca J. Sremack #0092313
Sremack Law Firm LLC
2745 South Arlington Road
Akron, Ohio 44312
Office: 330.644.0061
Fax: 330.644.7241
info@sremacklaw.com

/s/ Julie A. Toth
Julie A. Toth (0091570)
2151 South Arlington Road
Akron, Ohio 44306
(330) 376-9260
(330) 376-9307 facsimile
jtothlaw@gmail.com

*Attorneys for Plaintiff*