IN THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | CASE NO.: |
| Plaintiff, | |
| vs. | |
| DETECTIVE LARRY BROWN, *et al.*, | MOTION FOR PROTECTIVE ORDER |
| Defendants. | |

Plaintiff Jane Doe hereby moves this Court for a protective order permitting her to proceed in this matter using a pseudonym and prohibiting the release of her true identity. Given the circumstances of this case, Ms. Doe's privacy interests substantially outweigh the presumption of open judicial proceedings. She does not request that her identity be concealed from the defense, or that her discovery obligations be limited in any way. Accordingly, there could be no prejudice in granting this request.

A memorandum in support follows.

Respectfully submitted,

/s/ Rebecca J. Sremack
Rebecca J. Sremack #0092313
Sremack Law Firm LLC
2745 South Arlington Road
Akron, Ohio 44312
Office: (330) 644-0061
Fax: (330) 644-7241
info@sremacklaw.com

/s/ Julie A. Toth
Julie A. Toth (0091570)
333 S. Main Street #200
Akron, OH 44308
(330) 376-9260
(330) 376-9307 facsimile
jtothlaw@gmail.com

*Counsel for Plaintiff Jane Doe*

MEMORANDUM OF LAW

A.   **Brief Statement of Facts.**

This action arises from the wrongful arrest and malicious prosecution of Plaintiff Jane Doe for a crime she did not commit—soliciting prostitution while having HIV. Ms. Doe does not and never has had HIV. Nonetheless, and with a complete lack of probable cause, she was arrested, charged, and confined to the Summit County Jail; had her name and mugshot released and posted publicly, along with the false accusation that she was soliciting while having HIV; and as a direct and proximate result, she lost her job, suffered harassment, received death threats, and suffered great emotional injury.

B.   **Argument of Law.**

Generally, plaintiffs must disclose their own names and addresses in the Complaint. However, courts "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (upholding pseudonymity for schoolchildren and parents challenging religious indoctrination at a public school, "a particularly sensitive topic that could subject them to considerable harassment"). The Sixth Circuit has established a test permitting pseudonymity where the "plaintiff's privacy interest substantially outweighs the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d at 560. Factors to be considered include:

(1)   [W]hether the plaintiffs seeking anonymity are suing to challenge governmental activity;

(2)   [W]hether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy';

    (3)    [W]hether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and

    (4)    [W]hether the plaintiffs are children.

*Porter* at 560; *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981). Several of the factors are present here.

1. *The plaintiff is suing to challenge governmental activity.* Ms. Doe challenges government conduct—here, the conduct of law enforcement. Courts have granted the protection of a pseudonym in cases involving government action. *See Doe v. Porter*; *Doe No. 1 v. Springboro Comm. City School District*, S.D. Ohio No. 1:19-cv-785, 2020 WL 3048191 (June 8, 2020); *Doe v. Mechanicsburg School Board of Ed.*, S.D. Ohio No. 3:20-cv-458, 518 F.Supp.3d 1024 (2021).

2. *Prosecution of this matter will compel disclosure of information of the utmost intimacy.* The lawsuit will also compel additional information of the utmost intimacy. As part of the lawsuit, Plaintiff anticipates she will have to disclose sexual conduct and medical records that include sensitive details about her physical and mental health. That such sensitive information is at issue weighs in favor of a protective order. *See, e.g., Mich. Protective & Advocacy Svc., Inc. v. Caruso*, W.D. Mich. No. 5:05-cv-128, 2006 WL 958496 (Apr. 10, 2006) (affirming protective order where minor inmates sued a correctional facility, due to concerns over possible retaliation and the sensitivity of medical and mental health information).

3. *While Ms. Doe will not be compelled to disclose an intention to violate the law, this case involves a criminal prosecution and she anticipates discovery into her criminal past.* Ms. Doe was arrested as part of an investigation into prostitution, and she anticipates that the Defendants will conduct

3

      discovery into her background and the circumstances around her arrest. She does not anticipate that she would be compelled to disclose an intention to violate the law—as she has no such intention—but this case necessarily involves discovery and discussion of past conduct.

4. *Additional circumstances are present.* Additional circumstances call for a protective order. Here, Ms. Doe's concerns over retaliation are especially pronounced as she has already experienced harassment, threats, and backlash from the events that precipitated this lawsuit. She reasonably fears that placing her name in the public record as a litigant in this matter—or permitting the release of her identity—will result in further harm.

5. *A protective order will not prejudice Defendants in this litigation.* It is "relevant" to the analysis to consider whether a protective order will force defendants to proceed without sufficient information. *Citizens for a Strong Ohio v. Marsh*, 123 Fed.Appx. 630, 636 (6th Cir. 2005); *Doe v. Franklin County Ohio*, S.D. Ohio No. 2:13-cv-00503, 2013 WL 5311466 (Sept. 20, 2013). Ms. Doe does not ask that her identity be concealed from the Defendants, or that her discovery obligations be limited in any way. A protective order will not inhibit their ability to defend against this action.

      Ms. Doe acknowledges that she has a criminal history and that it includes prior convictions for solicitation. Her history does *not*, however, include any attempt to expose any individuals to HIV, and it is a virus she does not have. Requiring Ms. Doe to reveal her true identity in order to challenge the government's misconduct in recklessly and willfully making these accusations, would only serve to compound the harm that already occurred. Ms. Doe would not

ask this Court to grant a protective order if she were only seeking to challenge the circumstances of a solicitation arrest.

The very issue at the center of this case—the enormous stigma associated with the HIV virus, and the Defendants' recklessness in attaching that stigma to her—only supports, rather than lessens, her argument in favor of pseudonymity.

C.  Conclusion

Jane Doe is suing to challenge government activity, and she has legitimate concerns that the use of her true identity in this matter will result in embarrassment and harassment beyond that which she has already experienced. The subject of the lawsuit necessitates disclosure of sensitive personal information such as medical documentation. She therefore respectfully requests a protective order permitting her to proceed pseudonymously and to prevent the disclosure of her true identity.

Respectfully submitted,

/s/ Rebecca J. Sremack
Rebecca J. Sremack #0092313
Sremack Law Firm LLC
2745 South Arlington Road
Akron, Ohio 44312
Office: 330.644.0061
Fax: 330.644.0061
info@sremacklaw.com

/s/ Julie A. Toth
Julie A. Toth (0091570)
333 S. Main Street #200
Akron, OH 44308
(330) 376-9260
(330) 376-9307 facsimile
jtothlaw@gmail.com

*Attorneys for Plaintiff*