**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE | ) | CASE NO. 5:23-CV-00121-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE ADAMS |
| | ) | |
| -v- | ) | |
| | ) | |
| DETECTIVE LARRY BROWN, et al. | ) | **ANSWER OF DEFENDANTS** |
| | ) | |
| Defendants. | ) | |

Now come Defendants Larry Brown and Sheriff Kandy Fatheree (the "Defendant"), by and through counsel, and for their answer to Plaintiff's Complaint hereby state as follows:

### I. INTRODUCTION

1. The Defendants deny the allegations set forth in paragraph 1 of the Complaint.

2. The Defendants admit that this is a refiled case and that such refiling was timely under Ohio law. Defendants admit that Ms. Doe was initially charged with Soliciting after positive HIV test, but such charge was later amended to Soliciting. The Defendants deny the remaining allegations set forth in paragraph 2 of the Complaint.

3. The Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 3 of the Complaint.

4. The Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 4 of the Complaint.

5. No answer is required to the statements set forth in paragraph 5 of the Complaint.

### II. JURISDICTION AND PARTIES

6. The Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 6 of the Complaint.

7. The Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8. The Defendants admit the allegations set forth in paragraph 8 of the Complaint, and further aver that suit against Sheriff Fatheree in her official capacity is a suit against the County of Summit. *Brandon v. Holt*, 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985).

9. The Defendants deny the allegations set forth in paragraph 9 of the Complaint.

### III. FACTUAL BACKGROUND

10. The Defendants admit the allegations set forth in the first sentence of paragraph 10 of the Complaint. Plaintiff failed to attach her Exhibit 1 as stated in the second sentence of paragraph 10. The Defendants therefore deny for lack of knowledge or information sufficient to form a belief as to truth of the allegations set forth in the second sentence of paragraph 10 of the Complaint.

11. The Defendants admit the allegations set forth in paragraph 11 of the Complaint.

12. The Defendants admit the allegation set forth in paragraph 12 of the Complaint as to the name of the operation, which was the result of the operation being based in an automobile repair shop. The Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the remaining allegations set forth in paragraph 12 of the Complaint.

13. The Defendants admit the allegations set forth in paragraph 13 of the Complaint.

14. The Defendants admit the allegations set forth in paragraph 14 of the Complaint and that Ms. Doe became a target based on her prior history of internet solicitation posts.

15. The Defendants admit the allegations set forth in paragraph 15 of the Complaint.

16. The Defendants deny that there was "no basis whatsoever" for Plaintiff's arrest and

2

charge. The Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the remaining allegations set forth in paragraph 16 of the Complaint.

17. The Defendants admit the allegations set forth in paragraph 17 of the Complaint.

18. The Defendants admit the allegations set forth in paragraph 18 of the Complaint.

19. The Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 19 of the Complaint.

20. The Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 20 of the Complaint.

21. The Defendants deny that the prosecution of Ms. Doe terminated in her favor, as alleged in paragraph 21 of the Complaint, rather, the charges were amended to solicitation (M3) and she thereafter pled guilty to attempted solicitation (M4).

22. The Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 22 of the Complaint.

23. The Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 23 of the Complaint.

24. The Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 24 of the Complaint.

25. The Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 25 of the Complaint.

26. The Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 26 of the Complaint.

### IV. FIRST CAUSE OF ACTION
### False Arrest/False Imprisonment

27. The Defendants incorporate all of the responses contained in paragraphs 1 through 26 of

this Answer as if fully rewritten herein.

28. The Defendants deny that that Plaintiff was unlawfully detained, but admit that she was intentionally detained based upon a probable cause determination by a magistrate of the Stow Municipal Court as alleged in paragraph 28 of the Complaint. The Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the remaining allegations set forth in paragraph 28 of the Complaint.

29. The Defendants admit that the Plaintiff was held in jail until her bond was posted. Defendants deny for lack of knowledge or information sufficient to form a belief as to truth of the remaining allegations set forth in paragraph 29 of the Complaint.

30. The Defendants deny the allegations set forth in paragraph 30 of the Complaint.

31. The Defendants deny the allegations set forth in paragraph 31 of the Complaint.

## V.  SECOND CAUSE OF ACTION
### Malicious Prosecution

32. The Defendants incorporate all of the responses contained in paragraphs 1 through 31 of this Answer as if fully rewritten herein.

33. The Defendants deny the allegations set forth in paragraphs 33 through 37 of the Complaint.

## VI. THIRD CAUSE OF ACTION
### 42 U.S.C. Section 1983

34. The Defendants incorporate all of the responses contained in paragraphs 1 through 33 of this Answer as if fully rewritten herein.

35. The Defendants deny the allegations set forth in paragraphs 39 through 44 of the Complaint.

## VII.   FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

4

36. The Defendants incorporate all of the responses contained in paragraphs 1 through 35 of this Answer as if fully rewritten herein.

37. The Defendants deny the allegations set forth in paragraphs 45 through 47 of the Complaint.

38. The Defendants deny every allegation not heretofore specifically admitted or qualified.

### AFFIRMATIVE DEFENSES

1. The Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. The actions or omissions, if any, by the Defendants were undertaken in good faith and pursuant to the duties imposed by the Ohio Revised Code and federal law.

3. No policy or practice of the County of Summit caused or resulted in a violation of any statutory or constitutional right of the Plaintiff. Sheriff Fatheree, in her official capacity, and the County of Summit are not liable to the Plaintiff pursuant to *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

4. The Defendants are entitled to qualified immunity which protects the Defendants from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

5. The Defendants are immune from liability for Plaintiffs' state law claims pursuant to the provisions of Chapter 2744 of the Ohio Revised Code.

6. Plaintiff's arrest and detention was pursuant to a probable cause finding by a neutral and detached magistrate of the Stow Municipal Court.

7. Plaintiff's criminal case was not resolved in her favor and a finding of liability in this case would challenge the validity of her conviction. *Heck v. Humphrey*, 512 U.S. 477,

5

114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)

8. Actions of the Defendants are not the proximate cause of any of Plaintiff's damages or injuries. Plaintiff's damages, if any, were the result of her own acts for which the Defendants are not responsible.

9. The Defendants reserve the right to assert any additional and separate affirmative defenses which may arise through the course of discovery or otherwise.

**WHEREFORE**, having answered, the Defendants, Larry Brown and Sheriff Kandy Fatheree, request that Plaintiff's Complaint be dismissed with prejudice and costs to Plaintiff.

Respectfully submitted,

**SHERRI BEVAN WALSH**
Prosecuting Attorney

*/s/ Marvin D. Evans*
MARVIN D. EVANS (0055616)
Assistant Prosecuting Attorney
53 University Avenue, 7th Floor
Akron, Ohio 44308
(330) 643-8380
mevans@prosecutor.summitoh.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 29th day of March, 2023 a true and accurate copy of the foregoing Answer has been filed and served via the Court's electronic filing system.

*/s/ Marvin D. Evans*
MARVIN D. EVANS (0055616)
Assistant Prosecuting Attorney
Counsel for Defendants

6