# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | CASE NO. 5:23-CV-00121-AMK |
| Plaintiff, | |
| vs. | MAGISTRATE JUDGE AMANDA M. KNAPP |
| DETECTIVE LARRY BROWN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; AND SHERIFF KANDY FATHEREE, IN HER OFFICIAL CAPACITY; | CASE MANAGEMENT CONFERENCE SCHEDULING ORDER |
| Defendants. | |

**I.  CASE MANAGEMENT CONFERENCE**

All counsel and parties will take notice that the above-entitled action has been RESET for a Telephonic Case Management Conference ("CMC") on Tuesday, May 16, 2023, at 1:30 p.m. **This Order supersedes the prior CMC Scheduling Order**.  (ECF Doc. 9.)

Lead counsel is expected to attend, and must be prepared to discuss all claims and defenses in detail. The Case Management Plan will be tailored to the case based on the information supplied at the CMC.  Parties and party representatives are welcome to attend, but their attendance is not required.  Bridge line instructions for the telephonic CMC will be emailed to counsel of record.

## II. APPLICABLE RULES

This case is governed by both the Local Rules of the U.S. District Court for the Northern District of Ohio and the Federal Rules of Civil Procedure. All counsel and unrepresented parties are therefore expected to familiarize themselves with the Local and Federal Rules.

## III. CONSENT TO JURISDICTION OF MAGISTRATE JUDGE

The parties have consented to the jurisdiction of Magistrate Judge Amanda M. Knapp. (ECF Doc. 12.)

## IV. TRACK ASSIGNMENT

This case is subject to the provisions of Differentiated Case Management ("DCM"), as set forth in the Local Rules. The Court will evaluate this case in accordance with L.R. 16.2(a)(1), and assign it to one of the case management tracks described in L.R. 16.2(a)(2). Each of the tracks (expedited, standard, complex, mass tort and administrative) has its own set of guidelines and timelines governing discovery, motion practice and trial. Pursuant to L.R. 16.3(a), the Court reserves determination of track assignment until further discussion at the CMC.

## V. PREPARATION FOR THE CMC

The agenda for the CMC is set forth in Local Rule 16.3(b)(2). Pursuant to L.R. 16.3(b)(3) and Fed. R. Civ. P. 26(f), counsel for all parties are jointly responsible for participating in a Planning Meeting at least 21 days prior to the CMC in an effort to agree in good faith upon the items listed in the agenda, including a track assignment and discovery schedule. Counsel for Plaintiff(s) shall schedule and make arrangements for the Planning Meeting in consultation with counsel for the other parties.

A Report of the Planning Meeting shall be signed by counsel for all parties and filed with the Court not less than five (5) business days before the CMC, and shall be in a format substantially similar to Attachment 1 to this Order.

Prior to the CMC, Plaintiff(s) must make a demand upon Defendant(s) with a written description and monetary breakdown of the damages claimed. Defendant(s) must respond to this demand in writing, explaining the bases for Defendant(s)' position. Neither the demand nor the response need be provided to the Court, but the parties shall confirm in the Planning Report that the written exchange has occurred.

## VI. DISCOVERY/DISCLOSURE

### A. Applicable Rules

Discovery shall be guided by Local Rule 26.1 and all applicable Federal Rules of Civil Procedure. With the exception of Initial Disclosures required by Fed. R. Civ. P. 26(a) and any discovery required to support or defend a challenge to jurisdiction or claim for emergency, temporary or preliminary relief, the parties may not begin discovery prior to the CMC unless they have first entered into a written stipulation agreeing to commence said discovery.

In the event of a discovery dispute, parties are required to comply with Local Rule 37.1. As required by Local Rule 37.1, parties shall not bring discovery disputes to the Court without having made "sincere, good faith efforts to resolve such disputes." As a general matter, the undersigned interprets the requirement for sincere good faith efforts under Local Rule 37.1(a)(1) to require that the parties communicate **by telephone, video conference, or in person** in an effort to resolve the discovery dispute(s) prior to any Court involvement. It is insufficient for purposes of this Rule that the parties simply exchange written communications.

Further, in keeping with Local Rule 37.1(a), the parties are reminded that no motion to compel, for protective order, or for sanctions shall be filed unless the parties have first: (1) undertaken in good faith to resolve the discovery dispute(s) as described above; (2) jointly contacted the Court by telephone or email to request a telephone conference with the Court; (3) if unable to resolve the dispute via telephone conference, outlined their respective positions by letter; and (4) been granted permission by the Court to file memoranda in support of and opposition to the disputed discovery.

### B.     Mandatory Disclosures

Unless exempted from providing Initial Disclosures under Fed. R. Civ. P. 26(a)(1)(B), or otherwise stipulated to or ordered by the Court, the parties shall exchange Initial Disclosures as mandated by and within the time periods set forth in Fed. R. Civ. P. 26(a).  Unless otherwise ordered by the Court, the rules for Disclosure of Expert Testimony (Fed. R. Civ. P. 26(a)(2)) and Pretrial Disclosures (Fed. R. Civ. P. 26(a)(3)) are applicable to these proceedings.

### C.     Filing of Discovery Materials

Unless otherwise ordered, neither Initial Disclosures nor other discovery materials shall be filed with the Court, except where submitted in support of a motion or for use at trial. Where deposition excerpts have been attached in support of or opposition to a motion, the entire deposition transcript(s) shall be filed separately, in text-searchable PDF format.

### D.     Depositions

The Judges of the Northern District of Ohio have adopted Local Rule 30.1, which governs the taking of depositions. Counsel are expected to comply with the rule in its entirety.

**VII. MOTIONS AND OTHER FILINGS**

Motion practice shall be guided by Local Rule 7.1 and all other Local Rules and Federal Rules of Civil Procedure. If the exhibits and appendices associated with a motion exceed fifty (50) pages in length, a courtesy copy shall be provided to Chambers within one week of filing.

**VIII. ATTORNEY FEES ITEMIZATION**

In all cases where it is anticipated that a party or parties will seek attorney fees pursuant to statute or case-law, such party shall serve a preliminary estimate and itemization of the expected fees and expenses ("Itemization") on opposing counsel prior to the Planning Meeting. Counsel shall confirm compliance with this requirement in the Planning Report. The Itemization shall include, but not be limited to, the following:

| **Attorney fees** | | **Costs** | |
|---|---|---|---|
| Preliminary Investigation and Filing Complaint | $_____ | Depositions | $_____ |
| Procedural Motions Practice | $_____ | Experts | $_____ |
| Discovery | $_____ | Witness Fees | $_____ |
| Dispositive Motions Practice | $_____ | Other | $_____ |
| Settlement Negotiations | $_____ | | |
| Trial | $_____ | | |
| **TOTAL FEES** | $_____ | **TOTAL COSTS** | $_____ |

5

IX. **CHANGE OF ADDRESS**

Attorneys and pro se litigants shall promptly file a notice of change of address/email address with the Clerk of Court.

X. **RESOLUTION BEFORE CMC**

If this case is resolved before the CMC, the parties shall submit a stipulation of settlement and dismissal, or otherwise notify the Court that such a stipulation is in process by contacting the Court's Courtroom Deputy Clerk at 330-252-6170.

**IT IS SO ORDERED.**

Dated: April 25, 2023

                                                      */s/ Amanda M. Knapp*
                                                    AMANDA M. KNAPP
                                                    UNITED STATES MAGISTRATE JUDGE