**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JANE DOE | **)** | CASE NO. 5:23-CV-00121-AMK |
| | **)** | |
| Plaintiff, | **)** | MAGISTRATE JUDGE AMANDA |
| | **)** | KNAPP |
| -v- | **)** | |
| | **)** | |
| DETECTIVE LARRY BROWN, et al. | **)** | **MOTION FOR JUDGMENT** |
| | **)** | **ON THE PLEADINGS** |
| Defendants. | **)** | |

Now come Defendants Larry Brown and Sheriff Kandy Fatheree, by and through undersigned counsel, and hereby move this Court to dismiss the Plaintiff's Complaint.  The basis for this motion is fully explained in the following memorandum.

Respectfully submitted,

**SHERRI BEVAN WALSH**
Prosecuting Attorney

*/s/ Marrett W. Hanna*
**MARRETT W. HANNA  (0065689)**
Assistant Prosecuting Attorney
53 University Ave., 6th Floor
Akron, OH 44308
mhanna@prosecutor.summitoh.net
Phone: (330) 643-2792

## MEMORANDUM IN SUPPORT

### I. FACTS

The Plaintiff, Jane Doe (hereinafter "Doe"), originally filed this suit in 2021 in the Summit County Court of Common Pleas, but the Defendants removed it to this Court.  Doe dismissed the case without prejudice and refiled the case within the timeframe allowed under Ohio law.

Doe brings this suit as a result of her arrest on October 15, 2020 for prostitution. Complaint ⁋ 10.  Doe's arrest for prostitution was originally charged as a felony for soliciting after an HIV positive test, under R.C. 2907.24.  Complaint ⁋ 2.  It was later learned that Doe did not have an HIV positive test and was not HIV positive.  Upon such information, the felony charge was dismissed and Doe was re-charged on October 23, 2020 with misdemeanor solicitation.  Complaint ⁋ 21. Exhibit A.  Doe ultimately pled no contest a misdemeanor charge of attempt, under R.C. 2923.02.  Exhibit B.

Doe states that someone published Doe's arrest online and she suggests that the publisher failed to correct the posting when the charges against Doe were reduced.  Complaint ⁋ 19.  She does not allege that either defendant controls the publisher, but only that the public information of her arrest was provided to the publisher.  Complaint ⁋ 20.

Relevant Facts Omitted from Complaint – Judicial Notice

As stated by the 6th Circuit in *Hancock v. Miller*, 852 F. App'x 914, 919–20 (6th Cir. 2021):

> [A] court deciding a motion to dismiss may consider "other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005); *see also McLaughlin v. CNX Gas Co., LLC*, 639 F. App'x 296, 298 (6th Cir. 2016) ("We may also consider documents that a defendant attaches to a motion if the documents 'are referred to in the plaintiff's complaint

and are central to her claims' without converting the motion to one for summary judgment.") (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)). Because a juvenile court order is appropriate for judicial notice, the district court could consider it to demonstrate the adjudicative fact that the order was issued and what it said—though not for the truth of the facts asserted— without converting the 12(b)(6) into a summary judgment motion. *See In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 467 (6th Cir. 2014).

Federal Rule of Evidence 201

(b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
    (1) is generally known within the trial court's territorial jurisdiction; or
    (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
(c) Taking Notice. The court:
    (1) may take judicial notice on its own; or
    (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.
(d) Timing. The court may take judicial notice at any stage of the proceeding.

The Defendants ask that this Court take judicial notice of the fact that Doe pled no-contest to the reduced charge of solicitation.  This charge was referenced in the Complaint, but its disposition was omitted.  The Stow Municipal Court records cannot be reasonably disputed and are generally known and accessible within this Court's jurisdiction.  The basis for this suit centers on a supposed favorable termination of the charges of solicitation after positive HIV test. While Doe admits that she was re-charged with soliciting, she fails to state that she pled no-contest to that charge and was found guilty by the court.  The Stow Municipal Court records clearly set forth these facts.  Doe makes no allegation that her conviction was appealed or otherwise over-turned.  Certified copies of Doe's municipal court records are attached to this motion.  Furthermore, the Defendants request that the Court take judicial notice of Doe's many other arrests and convictions in every court in Summit County, as this history is relevant to Doe's claim for intentional infliction of emotional distress.

## II.  <u>STANDARD OF REVIEW</u>

For a motion under Rule 12(c), motion for judgment on the pleadings, the same standard of review applicable to a motion to dismiss under Rule 12(b)(6) is applied. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008). For the purpose of a motion to dismiss, the facts as alleged in the complaint must be assumed to be true.  A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the sufficiency of a plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007).  To survive a motion to dismiss for failure to state a claim upon which relief may be granted, a complaint must plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

## III.  <u>ARGUMENT</u>

### A.  <u>False Arrest Claim</u>

Doe appears to be bringing her false arrest claim under Ohio law.  "Under Ohio law, the tort of false arrest is essentially the same as false imprisonment." *Day v. DeLong*, 358 F. Supp. 3d 687, 709–10 (S.D. Ohio 2019), citing *Rogers v. Barbera*, 170 Ohio St. 241, 243, 164 N.E.2d 162 (1960) (citation omitted). "A claim for false arrest is indistinguishable from a claim for false imprisonment in its essential elements-each claim requires proof that one was intentionally confined within a limited area, for any appreciable time, against his will and without lawful justification." *Watenza v. Dayton*, No. 21984, 2008 WL 501479, ¶ 48 (Ohio App. 2008), citing *Evans v. Smith*, 97 Ohio App.3d 59, 646 N.E.2d 217 (1994) (citing *Feliciano v. Kreiger*, 50 Ohio

St.2d 69, 362 N.E.2d 646 (Ohio 1977) ). "Thus, 'to succeed on a claim of false arrest or imprisonment, a plaintiff must establish that the defendants were without legal authority to arrest and detain him and that the detention was not accomplished pursuant to accepted legal procedures.' " *Id*., citing *Krantz v. City of Toledo Police Dept.*, 365 F.Supp.2d 832, 837 (N.D. Ohio 2005) (citing *McFinley v. Bethesda Oak Hosp.*, 79 Ohio App.3d 613, 607 N.E.2d 936 (1992) ).

In a false arrest claim brought under 42 U.S.C. § 1983, a plaintiff must prove that the arresting officer lacked probable cause to arrest the plaintiff. *Day v. DeLong*, 358 F. Supp. 3d 687, 709 (S.D. Ohio 2019), citing *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) (citation omitted). False arrest is not a continuing tort, thus, any Defendants who did not arrest Plaintiff, cannot be held liable for false arrest. See *McCune v. City of Grand Rapids*, 842 F.2d 903, 905-06 (6th Cir. 1988) (arrestee's cause of action accrued on the date of arrest; wrongful arrest and wrongful incarceration do not constitute a continuing tort). "To state a claim of false arrest, a plaintiff must "prove that the arresting officer lacked probable cause to arrest" her." *D.D. v. Scheeler*, 645 Fed.Appx. 418, 424 (6th Cir. 2016). "Probable cause is reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *Id.* "A police officer has probable cause only when he discovers *reasonably reliable information* that the suspect has committed a crime." *Parsons v. City of Pontiac*, 533 F.3d 492, 500 (6th Cir. 2008) (emphasis in original). "[I]n obtaining such reliable information, an officer cannot look only at the evidence of guilt while ignoring all exculpatory evidence." *Id.* "Rather, the officer must consider the totality of the circumstances, recognizing both the inculpatory and exculpatory evidence, before determining if he has probable cause to make an arrest." *Id.* See also, *Smith v. Sandusky Newspapers, Inc*., No. 3:17CV1135, 2018 WL 1315155, at *4 (N.D. Ohio Mar. 14,

2018).

Ohio courts have held that guilty and no contest pleas bar later actions for false arrest or false imprisonment. *See, e.g.*, *Courtney v. Rice*, 46 Ohio App. 3d 133, 136-37, 546 N.E.2d 461 (Ohio Ct. App. 1988) (a guilty finding in a criminal case bars an action for false arrest or imprisonment); *Favor v. Ohio State Univ.*, 2010 WL 4053284, 2010 Ohio Misc. LEXIS 277 (Ohio Ct. of Claims) ("Under Ohio law ... '[a] guilty finding in a criminal proceeding, whether by trial or plea, constitute an absolute defense to an action for false arrest or false imprisonment.' ") (quoting *Espy v. Sears, Roebuck & Co.*, 1976 WL 189474, 1976 Ohio App. LEXIS 8213 (Ohio Ct. App.)); *Carpenter v. Meade*, 1994 WL 64256, at *2 (Ohio Ct. App.) (finding where plaintiff pled no contest to charges, "reasonable minds could come to only one conclusion regarding plaintiff's claims of ... false arrest and false imprisonment, and that conclusion is adverse to plaintiff.").

The Sixth Circuit Court of Appeals has similarly interpreted Ohio law as barring plaintiffs from later litigating false imprisonment claims after a no contest plea to charges of disorderly conduct in state court. *See Jackim v. Sam's East, Inc.*, 378 F. App'x 556, 561 (6th Cir. 2010) (citing *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1988) (plaintiff's no contest plea in state court collaterally estopped pursuit of § 1983 action for unlawful seizure based upon lack of probable cause for arrest as she conceded existence of probable cause in no contest plea)). As the *Jackim* court explained, "Plaintiff had the option of insisting upon a trial where [his] acquittal would have cleared the way for this lawsuit. [He] chose to forego [his] opportunity to litigate it by pleading no contest, and is precluded from taking a different position in this forum." 378 F. App'x at 562; *see also Lassen v. Lorain County*, 2014 WL 3511010, at *5 (N.D. Ohio) ("Allowing his unlawful detention claim to proceed would directly contradict the finding that he

was indeed guilty for the assault for which he was arrested [and to which he pled no contest], because it would negate the probable cause for arrest that arose from the assault.").

In the instant case, Doe pled no contest and was found guilty to a reduced charge.  Doe is attempting to isolate the initial charge from the reduced charge and say that the dismissal of the felony charge resolved the case in her favor.  This ignores the totality of the situation where the felony charge was dismissed and a lesser charge was substituted.

In *Crawley v. City of Syracuse*, No. 5:17-CV-1389, 2018 WL 3716782, at *3 (N.D.N.Y. Aug. 3, 2018), the court cited *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004), "[t]he [Supreme] Court rejected the view that probable cause to arrest must be predicated upon the offense invoked by the arresting officer, or even upon an offense "closely related" to the offense invoked by the arresting officer, and stated that the "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Jaegly*, 439 F.3d at 153. "[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest. *Id*. at 154.

Doe's no contest plea is conclusive evidence that probable cause existed for her arrest. As such, her claim of false arrest must fail.

**B.  Malicious Prosecution Claim**

Doe again appears to be bringing her malicious prosecution claim under Ohio law. *Georgin v. Georgin*, 2022-Ohio-4328, ¶ 15, 204 N.E.3d 1, 6–7 sets forth the standard for a malicious prosecution claim in Ohio.

> To prevail on a claim for malicious prosecution, the plaintiff must prove (1) malice in initiating or continuing the prosecution, (2) lack of probable cause, and

(3) termination of the prosecution in favor of the accused. *Betzko*, 2022-Ohio-999, 187 N.E.3d 18 at ¶ 21. The core of any action for malicious prosecution is lack of probable cause. *Id*. If the plaintiff cannot show lack of probable cause, the claim for malicious prosecution fails as a matter of law. *Id*. Probable cause exists when the facts and circumstances are such that a cautious individual would be warranted in the belief that the person accused is guilty of the offense with which he or she is charged. *Barnes v. Meijer Dept. Store*, 12th Dist. Butler No. CA2003-09-246, 2004-Ohio-1716, 2004 WL 720906, ¶ 13. Whether the accused actually committed an offense is not pertinent to a probable cause determination. *Id*.

Similar to a false arrest claim, if probable cause existed, then the claim of malicious prosecution must fail.  As argued above, a no contest plea to a reduced charge is conclusive that probable cause existed and the prosecution did not terminate in Doe's favor.

This standard is essentially the same in a Section 1983 context.

"Probable cause is generally defined as a 'fair probability' that the individual to be arrested has either committed or intends to commit a crime." Huffer v. Bogan, 1:10-cv-312-HJW, 2011 WL 5037209, *11 (S.D. Ohio 2011). **Further, " 'the want of probable cause is the real gist of the [malicious prosecution] action.' "** Id., quoting *Harris v. United States*, 422 F.3d 322, 328 (6th Cir. 2005). "Probable cause exists where 'facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.' " *Mechler v. Hodges*, S.D. Ohio No. C-1-02-948, 2006 WL 2927253, *3 (October 11, 2006), quoting *Michigan v. DeFilippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). The existence of probable cause should be determined by the totality of the circumstances, an analysis that includes a realistic assessment of the situation from a law enforcement officer's perspective. Id.  [Emphasis added.]

*Day v. DeLong*, 358 F. Supp. 3d 687, 706 (S.D. Ohio 2019)

"[A] plaintiff asserting a malicious prosecution claim under § 1983 must ... show that the underlying criminal proceeding ended in a manner that affirmatively indicates h[er] innocence."  *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018); *Thompson v. Clark*, 794 Fed. App'x 140, 141 (2d Cir. 2020) (holding that a dismissal in the interest of justice "is by itself insufficient to satisfy the favorable termination requirement"), cert. granted, No. 20-659, 2021 WL 922983 (U.S. Mar. 11, 2021).

Here, Plaintiff alleges that she accepted a plea bargain and pleaded guilty to reduced charges; in other words, the prosecution did not terminate in her favor.

Although Plaintiff argues that there were various deficiencies in her criminal proceedings (e.g., her plea was not knowing and voluntary), she does not allege that her conviction "has been reversed on direct appeal, expunged by executive order, invalidated by a state tribunal authorized to make such determinations, or otherwise called into question by a federal court's issuance of a writ of habeas corpus." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (relying on *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Plaintiff thus fails state a claim on which relief can be granted for malicious prosecution.

*Lewis v. Hoovler,* 2021 WL 1299491, (U.S. District Court, S.D. New York).

For the above stated reasons, Doe's malicious prosecution claim must fail under both state and federal law.

### C. 42 U.S.C. 1983 Claim

Doe's Section 1983 claim appears to rely on her claims for false arrest, malicious prosecution, and a supposed lack of probable cause based on the original felony charge.  Again, she fails to recognize that her no contest plea to the reduced charge precludes her Section 1983 claims under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)

Under *Heck*, a plaintiff cannot bring a § 1983 claim after being convicted of a criminal offense that arises from the same acts that underlie the civil suit. [*Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)]. This is because these kinds of claims necessarily imply the invalidity of the underlying conviction, which undermines the finality of convictions. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). To succeed where there is an underlying criminal conviction that would be undermined by § 1983 relief, plaintiffs "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87, 114 S.Ct. 2364.

**The *Heck* doctrine bars all of the claims raised in Counts 2, 3, 4, and 8. Hoffman was originally charged with fraud and grand theft, but later pled nolo contendere, or no contest, to reduced charges of petit theft (a lesser included offense), and adjudication was withheld.** Under Florida law, nolo pleas are considered convictions. Fla. Stat. § 960.291(3); *Stephens v. DeGiovanni*, 852 F.3d 1298, 1319 (11th Cir. 2017). Because Hoffman's state criminal conviction stands, and Hoffman has not shown that her conviction was invalidated, *Heck* bars her malicious prosecution, false arrest, and failure-to-train

claims found in Counts 2, 3, 4, and 8. [Emphasis added.]

*Hoffman v. Beseler*, 760 F. App'x 775, 779 (11th Cir. 2019)

In Ohio, as under Florida law, a no contest plea constitutes an admission of the truth of the facts alleged in the complaint and the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. See R.C. 2937.07.

[ ] Ohio courts have held that guilty and no contest pleas bar later actions for false arrest or false imprisonment. *See, e.g., Courtney v. Rice*, 46 Ohio App. 3d 133, 136-37, 546 N.E.2d 461 (Ohio Ct. App. 1988) (a guilty finding in a criminal case bars an action for false arrest or imprisonment); *Favor v. Ohio State Univ.*, 2010 WL 4053284, 2010 Ohio Misc. LEXIS 277 (Ohio Ct. of Claims) ("Under Ohio law ... '[a] guilty finding in a criminal proceeding, whether by trial or plea, constitute an absolute defense to an action for false arrest or false imprisonment.' ") (quoting *Espy v. Sears, Roebuck & Co.*, 1976 WL 189474, 1976 Ohio App. LEXIS 8213 (Ohio Ct. App.)); *Carpenter v. Meade*, 1994 WL 64256, at *2 (Ohio Ct. App.) (finding where plaintiff pled no contest to charges, "reasonable minds to come to only one conclusion regarding plaintiff's claims of ... false arrest and false imprisonment, and that conclusion is adverse to plaintiff.").

The Sixth Circuit Court of Appeals has similarly interpreted Ohio law as barring plaintiffs from later litigating false imprisonment claims after a no contest plea to charges of disorderly conduct in state court. *See Jackim v. Sam's East, Inc.*, 378 F. App'x 556, 561 (6th Cir. 2010) (citing *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1988) (plaintiff's no contest plea in state court collaterally estopped pursuit of § 1983 action for unlawful seizure based upon lack of probable cause for arrest as she conceded existence of probable cause in no contest plea)). As the *Jackim* court explained, "Plaintiff had the option of insisting upon a trial where [his] acquittal would have cleared the way for this lawsuit. [He] chose to forego [his] opportunity to litigate it by pleading no contest, and is precluded from taking a different position in this forum." 378 F. App'x at 562; *see also Lassen v. Lorain County*, 2014 WL 3511010, at *5 (N.D. Ohio) ("Allowing his unlawful detention claim to proceed would directly contradict the finding that he was indeed guilty for the assault for which he was arrested [and to which he pled no contest], because it would negate the probable cause for arrest that arose from the assault.").

\*\*\*

Plaintiff's no contest plea therefore forecloses his ability to bring a false arrest or false imprisonment claim in this court. Bretzloff's Motion for Judgment on the Pleadings as to Count VI of the Complaint is granted.

*Saalim v. Walmart Inc.*, No. 3:21 CV 1481, 2022 WL 426178, at *4 (N.D. Ohio
Feb. 11, 2022)

Doe's Section 1983 claim must fail under *Heck* for the same reasons as her state claims

fail.  Doe's no contest plea and the entry of guilt by the Stow Municipal Court preclude these

claims.

### D. Intentional Infliction of Emotional Distress Claim

Under Ohio law, four elements must be proved to recover for intentional infliction
of emotional distress: 1) that the actor either intended to cause emotional distress
or knew or should have known that actions taken would result in serious
emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and
outrageous, that it went beyond all possible bounds of decency and that it can be
considered utterly intolerable in a civilized community; 3) that the actor's actions
were the proximate cause of the plaintiff's psychic injury; and 4) that the mental
anguish suffered by the plaintiff is serious and of a nature that no reasonable
person can be expected to endure it. *Miller v. Currie*, 50 F.3d 373 (6th Cir.1995);
*Pyle v. Pyle*, 11 Ohio App.3d 31, 34, 463 N.E.2d 98, 103 (Cuyahoga Cty.1983)
(citation omitted); *Bellios v. Victor Balata Belting Co.,* 724 F.Supp. 514, 520
(S.D.Ohio 1989).

*Smith v. GE Aviation*, No. 3:10-CV-013, 2011 WL 4914964, at *3 (S.D. Ohio
Aug. 31, 2011), report and recommendation adopted, No. 3:10-CV-13, 2011 WL
4924997 (S.D. Ohio Oct. 17, 2011)

The purpose of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is to test the
sufficiency of the complaint, not to decide the merits of the case. *Jackson v. Naph
Care, Inc.,* 2011 U.S. Dist. LEXIS 94817 *3 (S.D.Ohio Aug. 24, 2011) (Black, J.)
It is insufficient to make a formulaic recitation of the elements of a cause of
action. *Id*. citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct.
1955, 167 L.Ed.2d 929 (2007). As a first step, the Court must identify any
conclusory allegations. *Id*. citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,
1950, 173 L.Ed.2d 868 (2009). The second step is to determine whether the
complaint states "a claim to relief which is plausible on its face." *Id*. citing *Iqbal*,
129 S.Ct. at 1949.

*Id*. at *6.

Doe's complaint sets forth no facts showing that her claim meets any of the elements set

forth, above.  Her complaint simply sets forth the following conclusory statements: "She suffered serious emotion injury."  Complaint ¶ 26.  "The conduct of the Defendants was extreme and outrageous."  Complaint ¶ 45.  "The conduct was undertaken with intent to cause or in reckless disregard of the probability that this conduct would cause severe emotional distress to Ms. Doe."  Complaint ¶ 46.  "These acts and omissions actually and proximately caused damage to Ms. Doe."  Complaint ¶ 47.  These conclusory statements are insufficient as a matter of law to state a claim for intentional infliction of emotional distress.  Ms. Doe has a long history of arrests and convictions spanning nearly 20 years for a variety of offenses, including solicitation, theft, obstruction of official business, contempt of court, escape, and drugs.  These convictions include both misdemeanor and felony offenses.  For her instant claim, Doe fails to explain how this arrest and charge caused her to suffer such serious mental anguish that no reasonable person would be expected to endure, or what facts would indicate this.  Furthermore, Doe fails to set forth facts showing the basis for her claim that the defendants acted with intent or recklessness and such act went beyond all possible bounds of decency in making the initial charge.  Given Doe's background, it strains credulity that this charge caused the degree of anguish and distress necessary to support her claim.  The complaint relies on conclusory statements that do not meet elements set forth in the *Smith v. GE Aviation* case, above.

In evaluating a claim for negligent and intentional infliction of emotional distress, this Court has previously stated in its grant of a motion for judgment on the pleadings:

> A complaint need not set down in detail all the particulars of a plaintiff's claim. However, "Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (This standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.") "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir.2000) (the court should not

accept conclusions of law or unwarranted inferences couched in the form of factual allegations). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988) (quotation marks and citations omitted) (emphasis in original).

*3 Although the pleading standard of Rule 8 does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556 n. 3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts").

*Engle v. City of Cuyahoga Falls*, No. 5:14-CV-1161, 2015 WL 3852143, at *2–3 (N.D. Ohio June 22, 2015)

Additionally, for both negligent and intentional infliction of emotional distress, the alleged emotional distress must be serious, such that it constitutes "'emotional injury which is both severe and debilitating[,]' " and goes beyond " 'mere upset or hurt feelings.' "[9] *Reeves v. Fox Television Network,* 983 F.Supp. 703, 711 (N.D.Ohio 1997) (quoting *Paugh v. Hanks,* 6 Ohio St.3d 72, 451 N.E.2d 759, 765 (Ohio 1983)); *see also Meyers v. Hot Bagels Factory, Inc.,* 131 Ohio App.3d 82, 721 N.E.2d 1068, 1076 (Ohio Ct.App.1999) (emotional injury element is the same for intentional and negligent infliction of emotional distress) (citing *Uebelacker v. Cincom Sys., Inc.,* 48 Ohio App.3d 268, 549 N.E.2d 1210, 1220 (Ohio Ct.App. 1988)). Rather, such emotional distress "may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Paugh,* 451 N.E.2d at 765.

Plaintiff's allegations that she has sustained an emotional injury that is both severe and debilitating are thin. While plaintiff has pled facts that demonstrate that she was angry and embarrassed by the city officers' conduct (*see* Am. Compl. ¶ 14), such allegations fail to establish a severe emotional injury. *See Doe v. SexSearch.com,* 551 F.3d 412, 417 (6th Cir.2008) (allegation of embarrassment and harm to social standing insufficient to establish requisite injury for negligent infliction of emotional distress); *Reeves,* 983 F.Supp. at 711 (collecting cases providing that embarrassment or loss of reputation and self-esteem do not amount to serious emotional distress under Ohio law). Plaintiff also claims, however, that she has "experienced pain, suffering, mental anguish and serious emotional distress."

*Id*. at *11

In the present case, Doe has pled facts less detailed and less compelling than in the *Engle* case.  For that reason alone, Doe's claim for infliction of emotional distress should be dismissed.  However, that is not the only reason.  Doe's no contest plea to a lesser offense shows that her arrest by Defendant Brown was privileged.

> Conduct that might otherwise be extreme and outrageous, and thus actionable upon a claim for intentional infliction of emotional distress, is privileged when "the actor * * * has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress. * * * " 1 Restatement of the Law 2d, Torts (1965) 76, Section 46, Comment g. Thus, when an employer discharges an at-will employee, the employer "has done no more than insist upon his legal rights" and bears no liability to the employee for any resultant emotional distress, regardless of whether the employer intended or reasonably should have anticipated that result. *Foster v. McDevitt* (1986), 31 Ohio App.3d 237, 31 OBR 520, 511 N.E.2d 403.
>
> *Uebelacker v. Cincom Sys., Inc*., 48 Ohio App. 3d 268, 277, 549 N.E.2d 1210, 1220 (1988)

Doe does not allege that the Defendants controlled the online dissemination of information related to her arrest.  Rather, these online services routinely publish information based on public records requests that either the sheriff or the clerk of courts are obligated to provide under Ohio law.  See R.C. 149.43.  To the extent that Defendant Brown mistakenly charged Doe as being HIV positive, this is covered by immunity under R.C. 2744.02, which will be discussed in the next section.

For the foregoing reasons, Doe's state law claim for intentional infliction of emotional distress must be dismissed.

**E.  <u>Immunity</u>**

1. Political Subdivision Immunity

Defendant Sheriff Kandy Fatheree is sued in her official capacity, which is considered a suit against the County of Summit.   See *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S. Ct.

3099, 3105, 87 L. Ed. 2d 114 (1985), citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978).  (Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent.").  As such, the Defendants regard this Section 1983 suit as one against the County of Summit, to which the *Monell* standard applies.

This Court addressed the *Monell* standard in *Engle v. City of Cuyahoga Falls*, No. 5:14-CV-1161, 2015 WL 3852143, at *5–6 (N.D. Ohio June 22, 2015).

> Plaintiff's "First Claim for Relief" purports to raise federal clams under the umbrella of 42 U.S.C. § 1983. Municipalities may not be held liable under § 1983 upon a theory of respondeat superior. Rather, a government entity is responsible under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" alleged by the plaintiff. *Monell*, 436 U.S. at 694. In short, the "official policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 326, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (quoting *Monell*, 436 U.S. at 694) (further citation omitted).
>
> *6 The Sixth Circuit has recognized four avenues by which a plaintiff can prove the existence of a municipal policy that was the "moving force" behind a constitutional violation: (1) municipality's legislative enactments or official policies, (2) actions taken by an official with final decision-making authority, (3) a policy of inadequate training or supervision, or (4) a custom of tolerance or acquiescence of federal rights violations. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.2005).  ***

Doe has made absolutely no claims and has recited no facts tending to show that a custom or policy of the County was a moving force behind any violation of a right held by Doe.  In *Engle*, this Court dismissed the plaintiff's Monell claims for failing to make specific factual allegations that could indicate a plausible claim against the City.  The Court said:

> Without any factual allegations to support her *Monell* claim, plaintiff's allegations that the city failed to train and that this failure was the "moving force" behind the alleged constitutional violations ring hollow. *Johnson v. Gannon,* No. 3:09–0551, 2010 WL 1658616, at *4 (M.D.Tenn. Apr.23, 2010) ("In determining whether

allegations of failure to train state a plausible claim for relief, the assertion of a legal conclusion about the involvement of supervisory personnel is insufficient because this is precisely the type of the-defendant-unlawfully-harmed-me allegation that the Supreme Court [in *Iqbal* ] has determined should not be given credence[.]") (quotation marks and citation omitted); *see, e.g., Pariscoff v. Columbus Police Dep't,* No. 2:14–cv–00855, 2015 WL 1476651, at *3 (S.D.Ohio Mar.31, 2015) (dismissing *Monell* claim against municipality where plaintiff pled no specific allegations concerning the police department's training regime or policies). Moreover, while plaintiff references the violated rights of "other citizens," she fails to allege any facts describing incidents involving any other citizen of the city, leaving her police encounter the only instance of alleged illegal activity. To support a *Monell* claim based on a "failure to train" theory of liability, a plaintiff must plead facts demonstrating a pattern of illegal activity. A single incident alleging illegal activity is generally insufficient to survive a Rule 12(b)(6) motion to dismiss .[4] *See Mitchell v. City of Hamilton,* No. 1:11–cv–764, 2012 WL 701173, at *5 (S.D.Ohio Mar.1, 2012) (dismissing a *Monell* claim because the plaintiff had "pleaded facts concerning only a single set of wrongful acts toward him, not a policy or custom of inadequate training or supervision"). Because plaintiff has failed to set forth any allegations tying her alleged injuries to a municipal policy or custom, the Court DISMISSES the federal claims against the city.

*Engle* at *6.

Judge Lioi, in *Engle*, also addressed political subdivision immunity under Ohio law, R.C. Chapter 2744, which equally applies to Doe's state law claims. The Court stated:

Section 2744 of the Ohio Revised Code extends to municipalities immunity from tort liability for governmental and propriety functions. Ohio Rev.Code § 2744.02(A)(1); *Chesher v. Neyer*, 477 F.3d 784, 796 (6th Cir.2007). Plaintiff does not dispute that "government functions" include the operations of law enforcement. § 2744.01(C)(2)(a). There are, however, certain exceptions to the general grant of immunity spelled out in the statute. Specifically, immunity is not available to a municipality where: (1) injury or damage is caused by a municipal employee's negligent operation of a motor vehicle, § 2744.02(B)(1); (2) the losses are due to the negligent performance of employees with respect to proprietary functions of a political subdivision, § 2744.02(B)(2); (3) damages are the result of a municipality's negligent failure to keep public roads in repair, § 2744.02(B)(3); (4) damages are the result of a physical defect on the grounds of public buildings used for government functions, § 2744.02(B)(4); and (5) civil liability is expressly imposed by another provision of the Ohio Revised Code, § 2744.04(B)(5). Accepting the allegations in plaintiff's amended complaint as true, there can be no doubt that the city qualifies for immunity under Ohio Rev.Code § 2744.02(A)(1), as its employees were engaged in the governmental function of police activities

while on plaintiff's property. (See Am. Compl. ¶ 13 ["The acts and actions of the Officers were undertaken in their capacity as law enforcement officers of the City of Cuyahoga Falls and the Cuyahoga Falls Police Department...."].) Further, there are no exceptions that would apply to the circumstances described in the amended complaint, and plaintiff has not suggested otherwise. Thus, the Court finds that the city is entitled to immunity for plaintiff's state tort claims. See generally *Hout v. City of Mansfield*, 550 F.Supp.2d 701, 744 (N.D.Ohio 2008) ("Ohio courts have held that political subdivisions are entitled to immunity under § 2744.02 for the intentional torts committed by their employees.") (collecting cases).

*Engle* at *7.

For these reasons, Sheriff Kandy Fatheree, in her official capacity must be dismissed.

2. Immunity of Defendant Brown

Defendant Brown, as the arresting police officer, is entitled to qualified immunity as to the Section 1983 claim. This Court, in *Ward v. City of E. Cleveland*, No. 1:22-CV-00372, 2023 WL 2787965, at *3 (N.D. Ohio Apr. 5, 2023), stated:

The United States Supreme Court has expressed the importance of "resolving immunity questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The Sixth Circuit urges district courts deciding a motion to dismiss to consider qualified immunity by determining whether the plaintiff's complaint adequately alleges the commission of acts that violated clearly established law. *Back v. Hall*, 537 F.3d 552, 555 (6th Cir. 2008) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). To show that a right was clearly established, the facts alleged in the complaint should be sufficiently clear that a reasonable officer would know that his actions were unlawful under those circumstances. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 900 (6th Cir. 2014).

The Sixth Circuit has also cautioned district courts about granting Rule 12(b)(6) motions based on qualified immunity. *Wesley v. Campbell*, 799 F.3d 421, 433–34 (6th Cir. 2015). Generally, qualified immunity should be raised in a motion for summary judgment, not a motion to dismiss. *Grose v. Caruso*, 284 F. App'x. 279, 283 (6th Cir. 2008). In *Grose*, the plaintiff brought a § 1983 claim against correctional officials for violating her constitutional rights, and the defendants moved to dismiss under Rule 12(b)(6) based on qualified immunity. *Id.* at 280. The motion was denied by the district court and the decision affirmed by the Sixth Circuit because dismissal on that basis was premature; the plaintiff's complaint set forth sufficient allegations to trigger § 1983 liability. *Id.* at 283. *See also McCombs v. Granville Exempted Vill. Sch. Dist.*, No. 2:07-cv-00495, 2009 WL 467066, *7–8 (S.D. Ohio Feb. 24, 2009) (denying motion to dismiss since the

complaint alleged a constitutional violation, and at that point in the proceedings it would be premature to dismiss based on qualified immunity).

Importantly, "matters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 89 (6th Cir. 1997). If the parties refer to matters outside the pleadings and the Court considers those matters when ruling on the motion, it should treat the motion as one for summary judgment under Fed. R. Civ. P. 56. *Jones v. City of Cincinnati,* 521 F.3d 555, 557 (6th Cir. 2008). **The Court may consider** the complaint and its exhibits, **public records**, items in the record, and exhibits attached to the defendant's motion to dismiss if they are referenced in the complaint and central to the plaintiff's claims **without converting the motion to a summary judgment motion**. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

\*\*\*

\*4 If extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," they may be considered without converting the motion to one for summary judgment. *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997). If the Motion is converted, however, Fed. R. Civ. P. 56 requires this Court to consider only the pleadings, discovery responses, and affidavits, when deciding whether there is a genuine issue as to any material fact. Here, none of the documents attached to Defendants' Motion are authenticated; Defendants filed no affidavit attesting to these records. **The municipal court docket (B) is a public record, and thus reviewable by this Court.** *Bassett*, 528 F.3d at 430. The police report (A), mayor's letter (C), internal affairs investigation report (D), and internal correspondence (E), all tend to fill in details of allegations within plaintiff's complaint, and are therefore also reviewable. *Yeary*, 107 F.3d at 445. [Emphasis added.]

Qualified immunity is an immunity from suit, not merely a defense to liability. *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815, 172 L.Ed.2d 565 (2009) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). To determine whether a defendant is entitled to qualified immunity, the court looks to the function performed by the actor, not the identity of the actor. *Kalina v. Fletcher*, 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Higgason v. Stephens*, 288 F.3d 868, 877-78 (6th Cir.2002); *Holloway v. Brush*, 220

F.3d 767, 774 (6th Cir.2000) (en banc).  Under the doctrine of qualified immunity, government officials performing discretionary functions are shielded from Section 1983 liability in their individual capacity "insofar as their conduct does not violate clearly established statutory or constitutional rights which a reasonable person would have known." *Phillips v. Roane Cnty.*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)) (internal quotations omitted).  The burden is on the plaintiff to show that the defendants are not entitled to qualified immunity. *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006) ("Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the officials are not entitled to qualified immunity.").

Doe's claims all presume a lack of probable cause resulting in false arrest and malicious prosecution claims.  As was shown in the preceding sections, Doe's no contest plea to the reduced charge is conclusive as to the existence of probable cause.  It does not matter that the charge is later reduced.  See *Crawley v. City of Syracuse,* supra.  Based on the facts alleged in Doe's complaint and her Section 1983 claim, she will be unable to show that Defendant Brown violated a clearly established statutory or constitutional rights which a reasonable person would have known.

In addition to qualified immunity for the Section 1983 claims, Defendant Brown is also immune under Ohio Revised Code 2744.02(A) as to Doe's state law claims, as argued above related to political subdivision immunity and Brown's execution of a governmental function in arresting Doe.

## IV.  CONCLUSION

For the above stated reasons, it is respectfully requested that the Plaintiff's complaint be dismissed.

Respectfully submitted,

**SHERRI BEVAN WALSH**
Prosecuting Attorney
*/s/ Marrett W. Hanna*
**MARRETT W. HANNA  (0065689)**
Assistant Prosecuting Attorney
53 University Ave., 6th Floor
Akron, OH 44308
mhanna@prosecutor.summitoh.net
Phone: (330) 643-2792


*/s/ Steven M. Hooten*
**STEVEN M. HOOTEN (0100677)**
Assistant Prosecuting Attorney
53 University Ave., 6th Floor
Akron, OH 44308
*shooten@prosecutor.summitoh.net*
Phone: (330) 643-2689

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 5th day of September, 2023 a true and accurate copy of the foregoing Motion has been filed and served via the Court's electronic filing system.


*/s/ Marrett W. Hanna*
**MARRETT W. HANNA  (0065689)**
Assistant Prosecuting Attorney
Counsel for Defendants